KAMER ZUCKER ABBOTT
Carol Davis Zucker    #2543
Nicole A. Martin    #13423
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
czucker@kzalaw.com
nmartin@kzalaw.com

Attorneys for Defendant
The New Pioneer, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFFREY L. GIBSON, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE NEW PIONEER, LLC, a domestic limited ) <br> liability company, Does 1-X and Roes 1-X, ) <br> inclusive, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.  2:19-cv-2121-JAD-BNW <br><br> **STIPULATED STATUS REPORT AND STIPUATION AND ORDER TO STAY ACTION PENDING MEDIATION** |

Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that the Court enter an order staying this case pending resolution of the parties' scheduled mediation of this matter. This Stipulation and Order is filed with respect to the Minute Order dated December 11, 2019 (ECF No. 2).

A.   In support of this Stipulation and Request, the parties state as follows:

1.   **Nature of the Case.** Plaintiff filed a civil action on July 5, 2019 in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-19-797991-C, Dept. No. XXIV, entitled: *Jeffrey Gibson v. The New Pioneer, LLC; and DOES 1through 10 and ROE Corporations 1 through 10,* alleging negligent training and/or supervision and negligent infliction of emotional distress.  Plaintiff filed an Amended Complaint on November

20, 2019 and served the New Pioneer on November 21, 2019. The Amended Complaint added a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

2. **Procedural Posture.** There is nothing currently pending at this time as the parties have agreed to pursue mediation prior to engaging in litigation.

3. **Discovery.** The parties have not engaged in discovery at this phase as they have agreed to pursue mediation.

4. **Mediation.** The parties have agreed to submit the issues in this case to a private mediator, Judge David Wall. This mediation is scheduled for March 11, 2020.

5. **Mediation Preparation.** The parties need to discuss exchanges of information, including personnel and investigative files. During preparation for the mediation, Defendant intends to make certain factual disclosures to Plaintiff.

6. This request for a stay this action is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of facilitating the parties' good faith attempt to mediate this dispute, for the parties to devote their resources to trying to resolve the case informally rather than devote the resources to litigation. Therefore, there exists good cause to stay this action, pending the resolution of the mediation, in order to enable the parties to try to settle this case and this Court to potentially avoid having to expend those valuable resources if mediation is successful.

B. The parties hereby stipulate, agree, and request entry of an order as follows:

1. **Mediation.** The parties agree that they will make every reasonable effort to complete the mediation on March 11, 2020 (subject to the mediator's control and unforeseen circumstances).

2. **Stay of Action.** This action will be stayed in all respects until 5:00 p.m. on March 25, 2020 to allow the parties additional time to negotiate resolution following the mediation.

3. **Obligations Post-Mediation.** Within two (2) weeks following the mediation, the parties will report to the Court on (a) the outcome of the mediation; (b) if the case settles in whole or in part, a timetable for filing any documents needed to effectuate the settlement; and (c) if the case is not fully resolved in mediation, a Discovery Scheduling Order with agreed upon dates for the Scheduling Order deadlines in this matter, so that discovery can be completed.

4. **Intent.** This Stipulation is not intended by the parties and shall not be construed as an admission by any party of any of liability to the other party or by any party that any other party has or does not have a valid claim or defense.

5. Good cause exists for this Court to enter an order staying this action because the parties have agreed in good faith to submit the dispute in the above-captioned matter to mediation.

WHEREFORE, the parties respectfully request that this Court enter an order staying this action pending the resolution of the parties' mediation of this dispute.

DATED this 10th day of January, 2020.

| NELSON LAW | KAMER ZUCKER ABBOTT |
|---|---|
| By: /s/ Sharon Nelson<br>Sharon Nelson, Esq.<br>5940 South Rainbow Boulevard<br>Las Vegas, Nevada 89118<br>Tel: (702) 247-4529<br><br>Attorney for Plaintiff | By: /s/ Nicole A. Martin<br>Carol Davis Zucker #2543<br>Nicole A. Martin #13423<br>3000 West Charleston Blvd., Suite 3<br>Las Vegas, Nevada 89102<br>Tel: (702) 259-8640<br>Fax: (702) 259-8646<br><br>Attorneys for Defendant<br>The New Pioneer |

## **ORDER**

Good cause appearing, and as stipulated by the parties, the Court hereby orders a stay of this action under the terms set forth above.

**IT IS SO ORDERED**

**DATED: January 31, 2020**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**